MECCA FIRE INS. CO. v. BLOHOPOLO.

(Court of Civil Appeals of Texas. El Paso. Nov. 16, 1911. Rehearing Denied Dec. 13, 1911.)

1. COURTS (§ 122*) — JURISDICTION — AMOUNT IN CONTROVERSY.

ıWhere the district court in an action on a fire policy sustained an exception to the petition alleging that defendant became indebted to plaintiff in the sum of $1,250, that defendant had refused to pay the same to plaintiff's damage $500, and praying for the recovery of $1,250, and plaintiff filed a trial amendment alleging that the refusal to pay $1,250 resulted in damages to the sum of $1,750, for which he asked judgment, the court had jurisdiction of the case.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 427; Dec. Dig. § 122.*]

2. INSURANCE (§ 579*)—ACTS CONSTITUTING.

Insured in a fire policy for $1,250 sustained a loss in excess of that sum and objected to a receipt of $992.12 by his wife as a settlement in full, and the agent of insurer stated that the wife could accept such sum, and that insured could sue for the balance. The sum was received by the wife, who gave a receipt in full. Held not to show a settlement in full, and insured could recover the balance of his claim.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1417, 1419; Dec. Dig. § 579.*]

Appeal from District Court, Harris County; Norman G. Kittrell, Judge.

Action by John Blohopolo against the Mecca Fire Insurance Company. From a judgment for plaintiff, defendant appeals. Affirmed.

W. L. Eason, for appellant. R. M. Hall, for appellee.

PETICOLAS, C. J. This was a suit by appellee against appellant on a policy of fire insurance covering $750 on a dwelling and $500 on household and kitchen furniture. The appellant pleaded a settlement and contended that $992.12 had been paid in settlement of the claim on the policy.

[1] The ninth assignment of error is to the effect that the trial court erred in failing to dismiss the suit for want of jurisdiction. In plaintiff's original petition was a clause reciting, in substance, "that defendant became justly indebted to plaintiff in said sum of $1,250, but defendant has ever failed and refused to pay the same, to plaintiff's damage $500." The prayer was for the recovery of $1,250. The appellant, defendant below, demurred on the ground that this was a suit for exactly $500, and therefore that the district court had no jurisdiction. The trial court sustained this demurrer, evidently because of said allegation set out above, and appellee took leave to amend and filed a trial amendment changing said clause, and alleging "the defendant's refusal to pay the said sum of $1,250 was to plaintiff's damages the sum of $1,750, for which he sues and asks judgment." The trial amendment was

not further excepted to and the case proceeded. We are of opinion that the trial court had jurisdiction of the case.

The trial court's conclusions of law and fact are as follows:

"Conclusions of Fact.

"In this cause plaintiff brings suits upon a policy of insurance made by the defendant company, insuring his home and household effects in the sum of $1,250.

"The uncontroverted evidence comclusively shows: That the building was destroyed by fire, as alleged in plaintiff's petition, as well as the contents of said building. That the aggregate loss of the building and contents exceeded in value the amount of insurance. That the plaintiff John Blohopolo, after the fire, presented proofs of loss to the agent of the defendant company, Charles R. Munger. That draft payable to plaintiff's wife for the sum of $992.12 was sent by the defendant to its agent, Charles R. Munger, reciting in full for all loss upon the policy sued on. That the plaintiff and his wife called at the office of said Charles R. Munger, at Munger's request, and plaintiff's wife indorsed said draft as well as receipted on the back of the policy in full of all claims, this, however, over the objection of the plaintiff who insisted upon receiving the full amount of the policy; the said defendant's agent stating that plaintiff's wife could take check and sue for the balance. That the plaintiff knew that his wife had signed the receipt and had indorsed the draft, at which time the plaintiff and his wife ·objected to the amount of said draft and claiming the whole of said insurance $1,250. That the agent of the defendant and plaintiff's wife went to the Lumberman's National Bank, and deposited said draft for collection, the defendant's agent indorsing same who thereupon deducted $100 due defendant's agent by plaintiff and paid plaintiff's wife by his personal check $892.12. That the original draft was not paid by the defendant company, and thereafter the plaintiff executed a receipt to the defendant company for $992.12 merely for the purpose of collecting the draft, but not in full of his claim, and not waiving claim for balance due. That the plaintiff at no time consented to the acceptance of said draft or the payment of $992.12 as a settlement in full of his claim against said defendant company, but refused to sign receipt for $992.12 as payment or settlement in full or indorse draft for such purpose.

"Conclusions of Law.

"I therefore conclude that the defendant company is liable to plaintiff for the difference between the amount of the policy and the amount paid plaintiff's wife, and conclude from the above and foregoing facts that the plaintiff is not estopped from recov-

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

·ering herein by reason of his acts hereinbefore stated.

"A. R. Hamblen, Special Judge."

[2] Appellant's other assignments are based largely upon the contention that the uncontradicted evidence shows that the sum of $992.12 was paid in full settlement of his claim on the policy. The attorney for appellant does not cite any authorities in support of any of his contentions. It will be seen from the court's conclusions of fact that he, in substance, concluded that the negotiations between the agent of the insurance company and the wife of plaintiff, and the matters which accompanied them with reference to the indorsing and reception of checks and the signing of the receipt by plaintiff's wife, were all over plaintiff's objection. He also finds that the insurance company's agent stated to plaintiff that the $992.12 was paid on account, and that plaintiff's wife could take the check and he could sue for the balance. He finds, also, that the plaintiff at no time consented to an acceptance of said draft or the payment of $992.12 as settlement in full of his claim against the defendant company.

We are of the opinion that the trial court's findings of fact are amply sustained by the evidence. It follows, then, that when the plaintiff John Blohopolo objected to the receipt of $992.12 by his wife as a settlement in full of the claim against the insurance company, and the insurance company's agent stated that plaintiff's wife could accept the same and plaintiff could sue for the balance, the payment of the $992.12 was therefore not a settlement in full of the claim, and that plaintiff was not precluded, in law, from recovering the balance, if any, and as the undisputed evidence shows that the value of the property was greater than the amounts of the policies, and especially as no question is raised as to plaintiff's right to recover the full amount of the insurance, save the one of settlement, that the defendant was liable to the plaintiff for the balance of said policies, the correct result was arrived at below without error.

Therefore the case is affirmed.